IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE CO., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-2835-N |
| § | |
| PHILADELPHIA INDEMNITY § | |
| INSURANCE CO., § | |
| § | |
| Defendant. § | |

## ORDER

This Order addresses Plaintiff Mid-Century Insurance Company's ("Mid-Century") motion to remand [8] and underlying plaintiffs Amrou, Hoff, and Marino's ("Underlying Plaintiffs") motion to remand [10]. Because Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") removal was improper under 28 U.S.C. § 1441, the Court grants both motions to remand.[1]

### I. ORIGINS OF THE MOTIONS TO REMAND

This case arises out of an underlying tort dispute in which Mid-Century and Philadelphia insured several of the defendants.[2] Mid-Century allegedly assumed the defense

---

[1]Because underlying defendants Scott Streit; Brian Streit; Marc Bernman; Breit Solutions, Inc.; Joyce Streit; Gerald Streit; and Deborah Urandzionek, individually and d/b/a Park Place Realty & Property Management Group (collectively, the "Streit Defendants") did not move for leave to file a reply to Philadelphia's response [19], the Court grants Mid-Century's motion to strike Streit Defendants' reply [20]. Accordingly, the Court orders the reply stricken from the record, and the Court does not consider it here.

[2]The original action began as four separate cases which the state court later consolidated.

ORDER – PAGE 1

of its insureds,[3] and, in late 2010, Mid-Century entered into a partial settlement in the underlying action on their behalf.[4]

On September 15, 2011, Mid-Century filed a petition in intervention in the state action, *see* Register at p. 40, against Philadelphia for subrogation, contribution, and insurance code violations related to its defense of the underlying defendants and the partial settlement. Philadelphia answered and subsequently sought to remove to this Court only Mid-Century's petition in intervention. Philadelphia based its removal on 28 U.S.C. § 1441(a), alleging that Mid-Century's petition is a separate civil action that the Court may adjudicate pursuant to its diversity jurisdiction. Philadelphia's Notice Removal 2 [2].

Mid-Century now moves to remand, arguing that 28 U.S.C. § 1441(c) provides Philadelphia's only basis for removal and that Philadelphia cannot satisfy section 1441(c)'s requirements. Specifically, Mid-Century points out that section 1441(c) allows a defendant to remove only "separate and independent" federal law claims – not claims based on diversity. Mid-Century also argues that its petition does not assert "independent claims" against Philadelphia because the amount of defense and settlement monies Mid-Century may

---

[3]The Court acknowledges that there is some dispute over whether Mid-Century acted alone in assuming the insureds' defense, whether Philadelphia also assumed the defense, and/or how much of the defense burden each party assumed. However, this point of contention is irrelevant to the present motions to remand.

[4]It appears that the state court approved this settlement on December 13, 2010. Def.'s App. to Notice Removal, Register of Actions Case No. DC-08-11747, p. 35-36 [5-2] [hereinafter Register]. Nonetheless, certain parties dispute whether the settlement was proper. *See* Streit Defs.' Resp. 1, 4 [13]. The Court need not consider that issue to resolve the motions to remand.

collect depends in part upon other parties' pending claims in the underlying tort action.[5]

The Underlying Plaintiffs also move to remand, arguing that Philadelphia's "partial" removal fails because removal generally applies to the entire action and necessarily includes all defendants. With regard to the entire civil action, they argue, the Court should remand because diversity between all parties is lacking, Philadelphia failed to obtain the consent of all defendants under 28 U.S.C. § 1446, and Philadelphia's removal violates the one-year limitation for diversity cases in 28 U.S.C. § 1446.

## II. THE COURT DOES NOT HAVE REMOVAL JURISDICTION OVER MID-CENTURY'S PETITION

### A. General Remand Standard

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a).[6] The removing defendant bears the burden of establishing federal jurisdiction. *E.g., Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). However, "[b]ecause removal raises significant federalism concerns, the removal

---

[5]In Mid-Century's supplement to its motion to remand, Mid-Century also argues (1) that because some defendants in the state action are citizens of Texas, Philadelphia cannot base its removal on diversity and (2) that Philadelphia's removal was improper because all defendants failed to consent. Mid-Century Suppl. Mot. Remand 1-2 [11].

[6]The Court notes that on December 7, 2011, the President signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") which amended Chapter 28 of the United States Code. *See* 28 U.S.C. § 1, *et seq.* However, the Court will cite to, and apply, Chapter 28 as it existed at the time Philadelphia removed and Mid-Century and Underlying Plaintiffs each moved to remand because the amendments apply only to cases commenced after January 6, 2012. *See* JVCA, Pub. L. No. 112-63, § 205.

statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### *B. Section 1441(a) Does Not Allow Philadelphia to Remove Only Mid-Century's Petition*

At the outset, the Court notes that Mid-Century is correct in its assertion that Philadelphia cannot remove based on diversity jurisdiction under section 1441(c) of the removal statute.[7] *E.g.*, *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 151, 754 (N.D. Tex. 2001) (Cummings, J.); *Gracia v Irvine*, 1992 WL 150093, at *2 (N.D. Tex. 1992) (Mahon, J.) ("[A]fter the 1990 amendments to 28 U.S.C. 1441(c), third party defendants can no longer remove a case to federal court based on an independent cause of action which, if brought alone, would merely be within the federal court's diversity jurisdiction."); *Allsup v. Liberty Mut. Ins. Co.*, 782 F. Supp. 325, 327-28 (N.D. Tex. 1991) (Sanders, C.J.). Therefore, Philadelphia must rely solely on section 1441(a).

Under section 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ," 28 U.S.C. § 1441(a), including "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different

---

[7]At the time of Philadelphia's removal, *see supra* note 6, section 1441(c) provided: Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

States," *id.* at § 1332(a)(1). Several federal courts – almost exclusively at the district court level – have addressed whether a defendant may remove a third-party complaint asserted mid-litigation in a state court action as a "separate and independent" civil action under section 1441(a).

Some courts have permitted removal of a new complaint between parties not involved in the original action as a new "civil action" within the meaning of section 1441(a). *See, e.g.*, *Rivera v. Fast Eddie's*, 2011 WL 6293229, at *1 (D.N.M. 2011) (upholding removal, as separate action, of plaintiff's third-party complaint against new defendant-insurer after original defendant-insurer assigned plaintiff rights to sue new insurer); *Growth Opportunity Connection, Inc. v. Phila. Indem. Ins. Co.*, 2011 WL 6141097, at *1-3 (W.D. Mo. 2011) (upholding removal of receiver's third-party complaint against insurance company for breach of contract and insurance reimbursement as separate from state court receivership); *Hill v. Maton*, 944 F. Supp. 695, 698 (N.D. Ill. 1996) (upholding removal of nonparty intervenor's complaint – after intervenor had "been allowed to participate informally" in the state-court litigation – as separate action based on federal question jurisdiction). However, in many of these cases, courts have allowed defendants to remove claims or petitions after the state court issues a judgment that effectively ends the original actions. For example, courts have permitted removal of garnishment actions, *see, e.g.*, *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979), complaints to apportion attorneys' fees, *see, e.g.*, *Davenport v. Hamilton, Brown, & Babst, L.L.C.*, 624 F. Supp. 2d 542 (M.D. La. 2008), and even indemnity claims, *Nungesser v. Bryant*, 2007 WL 4374022, at *6-7 (D. Kan. 2007) ("The entry of judgment on [plaintiff's] claims shows the tort action was in fact concluded, and that the subsequently-filed bad faith

claim against [the insurance company] was a separate civil action, notwithstanding the state district court's allowance of the third-party petition under the same case number.").[8]  The situation in the case at bar, however, is distinguishable because the state court has not issued a judgment in the underlying tort case.[9]  *See* Mid-Century's Reply to Philadelphia 3 [16];

---

[8]These cases echo the historic debate about whether causes of action are "ancillary" to state court proceedings and therefore barred from removal, though they do not mention ancillary proceedings specifically.  The Eastern District of Pennsylvania succinctly summed up the history of ancillary proceedings:
> Many formulations of a rule, but perhaps inevitably, no useful working definitions of "ancillary," have been suggested.  To be removable, an action must be "independent," not "supplementary or incidental to another action."  1A Moore, ¶ 0.157[4.-11] at 170.  It must be "practically severable," so as not to do "practical violence."  *Id.* at 173.  It must not be a "mere mode of execution or of relief, inseparably connected with the original judgment or decree"; but a "supplemental proceeding [which] in fact involves an independent controversy with some new and different party" . . . . *Buford & Co. v. Strother & Conklin*, 10 F. 406, 407 (D. Iowa 1881).  The mere fact that a controversy had its origin in a state action does not require remand; the issue is whether it is a "separate suit."  1A Moore, ¶ 0.157[4.-11] at 171. . . . The cases are few, old, and sometimes difficult to reconcile.

*Int'l Org. Masters, Mates & Pilots of Am., Local No. 2 v. Int'l Org. Masters, Mates & Pilots of Am., Inc.*, 342 F. Supp. 212, 214 (E.D. Pa. 1972); *see also, e.g.*, Jean F. Rydstrom, Annotation, *What Constitutes Ancillary, Incidental, or Auxiliary Cause of Action, so as to Preclude its Removal From State to Federal Court*,18 A.L.R. FED. 126 (1974) (collecting cases, most from the late 1800s or early 1900s).

[9]The Court found one case where the District of New Mexico upheld removal on a similar factual record.  In *Rivera*, 2011 WL 6293229, at *1, the plaintiff brought a personal injury suit against the original defendants in state court.  The defendants maintained insurance policies with two carriers, and one carrier provided legal counsel in the underlying suit and ultimately settled the case.  Though the other carrier "was involved in some capacity with the proceedings in state court," it was not a party to the settlement.  As part of the settlement, defendants assigned any claims against the non-settling insurance carrier to the plaintiff.  The plaintiff then filed a third-party complaint against the nonsettling carrier, which removed the case to federal court under section 1441(a).  *Id.*  The District of New Mexico permitted removal as a separate civil action.  However, like the courts that allowed defendants to remove claims or petitions over which a federal court would have original jurisdiction, the District of New Mexico rested its decision largely on the fact that "the original controversy is no longer in litigation; all claims between the original Plaintiff and Defendants have been resolved in a court-approved settlement." 2011 WL 6293229, at *2.

Register at p. 40.[10]

Conversely, many courts consider the term "civil action" in section 1441(a) to be quite broad and disallow removal of one piece of a state court action that, they reason, brings the entire action and all parties to federal court with the claim or complaint that a defendant wishes to remove. *See, e.g.*, *Levert St.-John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 2006 WL 1875494, at *1-2 (W.D. La. 2006) (remanding case where insurer-defendant purported to remove third-party claim between an original defendant and its insurer when state court had severed claims for trial purposes only); *Stillwater Nat'l Bank & Trust Co. v. Perryman Family Revocable Trust Dated Nov. 1, 1997*, 2006 WL 3716894, at * 2 (N.D. Okla. 2006) (remanding original defendant's third-party petition alleging new, unrelated cause of action because removal of the petition brought with it the entire underlying suit and court found no basis to exercise federal jurisdiction over the entire suit where there was no federal question and parties were not completely diverse); *Crucible Materials Corp. v. Coltec Indus., Inc.*, 986 F. Supp. 130, 131-33 (N.D.N.Y. 1996) (remanding case where defendant

---

*Rivera* is therefore distinguishable from the present case, where the underlying suit is still in litigation.

[10]In addition, some courts have allowed removal of a third-party complaint or claim after the state court severs that complaint or claim. *See, e.g.*, *Mahl Bros. Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 307 F. Supp. 2d 474, 477-78 (W.D.N.Y. 2004) (upholding removal of third-party complaint for defense and indemnification from insurance company after state court severed the claims from the original action); *cf. Central of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970) (upholding removal, under section 1441(c), of severed defendant's third-party claim for indemnity); *Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 2012 WL 125117, at *1-2 (M.D. Ala. 2012) (upholding removal of defendant's third-party claim as timely after state court granted defendant/cross-claimant's motion to sever its third-party claim against insurance company). However, again, in this case, as Mid-Century points out, Philadelphia did not move to strike Mid-Century's petition, Mid-Century's Mot. Remand 5, and it does not appear that any party has moved to sever Mid-Century's petition, *see* Register at p. 40.

premised federal jurisdiction over only third-party claim between two original defendants to determine the extent of each's liability); *Parks v. Physicians & Surgeons Bldg. Corp.*, 324 F. Supp. 883, 884-85 (W.D. Okla. 1971) (remanding first defendant's cross-claim for indemnity against third defendant – after state court permitted first defendant to join third defendant – because cross-claim was not separate and independent claim); *Mid-State Homes, Inc. v. Swain*, 331 F. Supp. 337, 338 (W.D. Okla. 1971) (remanding cross-petition as not separate and independent and stating: "In a removed case under [section 1441(a)] the Court looks to the Plaintiff's civil action brought in State Court.").

For example, in *Levert-St. John*, one of the original defendants filed a third-party claim against an insurer in order to obtain insurance coverage for the plaintiff's claims against it. 2006 WL 1875494, at *1. After the state court severed this third-party claim for trial purposes only, the third-party insurer-defendant attempted to remove only the third-party claim to federal court based on diversity between it and the original defendant. The Western District of Louisiana remanded the case and explained:

> Implicit in what the removing defendant has attempted to do (i.e. the purported removal of only a third party claim, rather than the entire action) is the inference that less-than-all of a civil action may be removed from state court. Specifically, the removing defendant assumes that it can carve out of the state court litigation that claim which fits the definition of diversity found in the federal jurisdictional statutes and remove only the claim which fits that definition. Because the removal is based upon a misperception (to which this Court will refer as the "partial-removal concept") as to the nature of both removal and removal jurisdiction, this Court will identify, more precisely, what was removed from state court and, thus, what is now pending before this Court.
> In analyzing the effect of the Notice of Removal, this Court must begin with the language of the removal statute itself. Specifically, the federal removal statute authorizes the removal of a "civil action brought in a state court." [28 U.S.C. § 1441(a).] While the statute does not define the term "civil action," it is this Court's understanding that the term "civil action" refers

> to the entirety of a litigation, in which any number of different claims may be asserted by the various parties thereto. This understanding is informed, in part, by the legal dictionary, which defines "action," in pertinent part, as "a civil or criminal judicial proceeding." [BLACK'S LAW DICTIONARY, Eighth Edition, at 31 (2004).] While this Court's review of Fifth Circuit and United States Supreme Court jurisprudence seeking guidance as to the definition of "civil action" as used in the removal statute did not yield substantial information, Wright and Miller have declared that a judge-made prohibition against removing only a portion of an action has been in place for over a century . . . .
>
> . . . .
>
> The partial-removal concept is in substantial conflict with many time-honored and well-settled judicial tenets of removal; it could not possibly be given effect without fleshing out those conflicts and reconciling them. For instance, the defendant has not explained why it believes the term "civil action," as used in the removal statute, has the same meaning as does the term "claim," (so as to permit the removal of a third party claim, without the rest of the action), nor why Congress used the former term if it intended the latter. Additionally, the concept of partial removal would permit pick-and-choose removal of only certain parties' claims and, therefore, would have the effect of eliminating the longstanding statutory and jurisprudential requirement that diversity jurisdiction be premised upon complete diversity among the parties; the abrogation of this requirement certainly would have to be addressed directly. As a third example, the removing party's theory of removal could not possibly be accepted without an explanation as to the source of, and justification for, the removal process granting to a defendant the authority to rearrange litigation to reflect its preferences by carving it up into howsoever many separate cases it prefers to have proceeding in different courts simultaneously. This list of conflicts is not intended to be exhaustive, but merely illustrative of the monumental incompatibility between the partial-removal concept and the well-settled, longstanding judicial theory of removal.

2006 WL 1875494, at *1-2.

There is also authority from this Circuit suggesting that the term "civil action" in section 1441(a) is quite broad, encompassing not only one parties' complaint or claims but an entire action. In *Dillon v. Mississippi*, the Fifth Circuit explained:

> [O]ur court has held that removal under the general removal statute, 28 U.S.C. § 1441, and other similar statutes, removes the action. *E.g.*, *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir.1980) (§ 1441(d) removal is for entire action, "not merely those aspects involving discrete federal claims

ORDER – PAGE 9

or parties"); *accord, Nolan v. Boeing Co.*, 919 F.2d 1058, 1065 & n. 9 (5th Cir. 1990) (citing cases) (term "action", rather than "claims", used in removal statutes, *e.g.* 28 U.S.C. § 1441(a)(d), 28 U.S.C. § 2679(d) (prior to Westfall Act amendment), indicates intent to exercise federal jurisdiction over "entire case", not merely portions of it), *cert. denied,* 499 U.S. 962, 111 S. Ct. 1587, 113 L.Ed.2d 651 (1991).

In support of its holding, *Arango* discussed similar language in other removal provisions – which have been similarly construed to require removal of the entire action. *See Arango*, 621 F.2d 1371, *passim* (citing and construing 28 U.S.C. § 1442(a)(1) (removal by federal officers); 12 U.S.C. § 1819(4) (removal by Federal Deposit Insurance Co.); and 28 U.S.C. § 2679(d) (prior to Westfall Act amendment)); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437 (5th Cir.1984) (construing 28 U.S.C. § 1442(a)(1) to mandate removal of "entire case"). For these other removal provisions, as with § 1441(d), "it is the action – embracing all defendants – that is to be transferred to federal court." *Arango*, 621 F.2d at 1375 (emphasis in original); *Nolan*, 919 F.2d at 1066 ("In federal practice, the terms 'case' and 'action' refer to the same thing, i.e., the entirety of a civil proceeding . . . .") (citing FED. R. CIV. P. 2).

23 F.3d 915, 918-19 (5th Cir. 1994); *see also Arango*, 621 F.2d at 1376 (pointing out that the Circuit has consistently construed language in limited removal provisions, including section 1441(a), "to effect the removal of the entire action in multi-party suits").

The Court finds the latter cases persuasive, especially in light of the above-cited Fifth Circuit authority, and it agrees that the term "civil action" in section 1441(a) encompasses an entire state-court action rather than merely one third-party complaint. Accordingly, Philadelphia cannot remove only Mid-Century's petition to this Court, and the legal effect of its removal was to remove the entire state-court action. The Court must therefore "analyze whether it has jurisdiction over the entirety of the action as it existed at the time the Notice of Removal was filed." *Levert-St. John*, 2006 WL 1875494, at *2.[11]

---

[11]Bolstering the Court's ruling is the fact that, in general, "a third-party defendant cannot remove a case to federal court on the basis of diversity jurisdiction." *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 4453170, at *3 (S.D. Tex. 2008) (quotation omitted)

ORDER – PAGE 10

Philadelphia based its removal on diversity jurisdiction because it is allegedly completely diverse from Mid-Century. "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Relevant to this case, a removing defendant must show that the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, it is undisputed that not all of the plaintiffs and defendants in the state civil action are diverse – the original plaintiffs and some of the original defendants are Texas citizens. Underlying Pls.' Mot. Remand 1; *see* Mid-Century's Mot. Remand 5; *cf.* Philadelphia's Resp. 12-13 [15]; Streit Defs.' Resp. 12-15. Nonetheless, the Streit Defendants argue that even if the Court does not view Mid-Century's petition as a separate action, complete diversity exists because all parties other than the original defendants were diverse at the time of removal, and these defendants are nominal parties whom the Court should disregard for removal purposes. Streit Defs.' Resp. 12-13. The Streit Defendants base this contention on the alleged fact that Mid-Century's settlement applies to all of the original defendants, and, therefore, no one may recover against them. *Id.* However, Mid-Century points out that not all of the original defendants are party to the settlement agreement. *See* Mid-Century's Reply to Streit Defs.' Resp. 3-4 [17]. Regardless, instead of resolving this point of contention, which would

---

(collecting cases); *BJB Co.*, 148 F. Supp. 2d at 752-53 (explaining that, "[w]hile circuit courts have not directly addressed the issue of whether § 1441(a) permits removal by third-party defendants, district courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a), often citing to the Supreme Court's admonition in *Shamrock* [*Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941),] to strictly construe § 1441" and collecting numerous cases).

ORDER – PAGE 11

involve delving into the state court case and essentially deciding who remains a party to the complex litigation, the Court resolves all doubts in favor of remand and finds complete diversity lacking here.[12] Accordingly, without a basis for jurisdiction, the Court must remand the entire action.

## CONCLUSION

Because Mid-Century's petition does not constitute a separate civil action under 28 U.S.C. § 1441(a) and the Court does not have diversity jurisdiction, the Court does not have removal jurisdiction over this case. The Court therefore grants the motions to remand, and it orders the case remanded to state court.

Signed June 12, 2012.

David C. Godbey
United States District Judge

---

[12]The Court also notes that in the register of actions in state court, the listing for the state court's order approving what appears to be Mid-Century's settlement specifically labels the order as one approving a "partial settlement." *See* Register at p. 36.

ORDER – PAGE 12